UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MYRNA HENDERSON,                )
                                )
        Plaintiff,              )
                                )    CIVIL ACTION NO.
VS.                             )
                                )    3:11-CV-2858-G
WELLS FARGO BANK, N.A.,         )
                                )
        Defendant.              )

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to determine the enforcability of, or to set aside, a settlement agreement (docket entry 12).* For the reasons set forth below, the motion is denied.

This is a foreclosure case. The plaintiff is Myrna Henderson ("Henderson"). Plaintiff Myrna Henderson's Motion to Determine Enforcability of Settlement Agreement or, in the Alternative, to Set Aside Settlement Agreement ("Motion") at 1

---

   *    The plaintiff has also filed a motion to order stay of eviction proceedings (docket entry 18). Because this motion asked for a stay pending the resolution of the motion to determine the enforcability or to set aside the settlement agreement, this motion is **DENIED** as moot.

(docket entry 12). The defendant is Wells Fargo Bank, N.A. ("Wells Fargo"). Defendant's Response to Plaintiff's Motion to Determine Enforcability of Settlement Agreement or, in the Alternative, to Set Aside Settlement Agreement ("Response") at 1 (docket entry 15). The plaintiff filed this suit in a Texas state court for "Fraudulent Transfer . . ., Trespass to Try Title and, in the Alternative, for Declaratory Judgment . . . to prevent eviction." *Id*. ¶ 1. The defendant subsequently removed the case to this court. *Id*. ¶ 2.

On or before January 23, 2012, the parties agreed to a "cash-for-keys settlement." *Id.* ¶ 4. In this settlement, the plaintiff agreed to dismiss this case and vacate the property in question for $500. *Id*. ¶ 5. The plaintiff signed the settlement and sent it to the defendant. *Id*. ¶ 4; Motion at 1. When the settlement was signed, the plaintiff "was represented by counsel and did have counsel's advice." Motion at 1.

After the settlement was signed, the plaintiff learned of a lawsuit filed by the United States and the attorneys general of 49 states. *Id*. at 2-3. Apparently, if the plaintiff did not complete the settlement presented by the defendant, the plaintiff would be entitled to at least $2000.00 from a settlement in the national law suit. *Id*. at 2.

As a result, the plaintiff has filed this motion to determine the enforcability of, or to set aside, the settlement agreement she signed with the defendant. *Id*. at 1.

While the plaintiff makes a number of arguments as to why the court should change or set aside the settlement agreement, none of them is persuasive.  While the court is sympathetic to the plaintiff's situation, that is not a sufficient reason to disregard a binding contract.

For the reasons set forth above, the plaintiff's motion to determine the enforcability of the settlement agreement or, in the alternative, to set aside the settlement agreement is **DENIED**.

**SO ORDERED**.

May 2, 2012.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**